UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHONDOLYN ROCHELLE BLEVINS,<br>Plaintiff,<br>v.<br>CHARLESTON C. IWUAGWU, et al.,<br>Defendants. | Case No. 18-03429 BLF (PR)<br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING PENDING MOTION**<br><br>(Docket No. 10) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officials at Federal Correctional Institute in Dublin ("FCI"), where she was formerly incarcerated.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The matter was reassigned to this Court on July 10, 2018, after Plaintiff declined magistrate jurisdiction. (Docket Nos. 4 & 8.)

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that she was involved in an altercation with another inmate on May 29, 2017, and that a subsequent disciplinary action resulted in the deprivation of "goodtime without due process." (Compl. Attach. at 6.) Plaintiff seeks punitive, nominal and compensatory damages. (Compl. at 3.)

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*; *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (claim arising from loss of good time credits in disciplinary proceeding subject to *Heck* if success in 1983 case would result in shortened sentence). Here, Plaintiff's reference to "goodtime" may be referring to goodtime credits. If so, Plaintiff must bring this claim in a habeas action and successfully have the matter overturned before she can assert a claim for damages. Accordingly, Plaintiff shall be

2

granted leave to file an amended complaint to clarify whether the disciplinary action at issue resulted in the loss of goodtime credits which affects the duration of her sentence. Plaintiff is advised that if the duration of her sentence is implicated and the disciplinary action has not been reversed or invalidated, the claim will be dismissed as barred by *Heck*.

Plaintiff also claims that Defendants had reason to know that "there was a problem" with the inmate who attacked her and that they failed to act. (Compl. at 3.) Specifically, Plaintiff claims that Inmate Jacqueline Gentle had three fighting incidents filed within one year, but that she was released to general population although she should have been transferred from the institution after the second incident. (*Id.*, Attach. at 3.) Liberally construed, this claim states a cognizable claim for failure to guarantee the safety of prisoners, in particular from attacks by other inmates or from dangerous conditions. *Farmer v. Brennan*, 511 U.S. 825, 832-834 (1994). However, in filing an amended complaint, Plaintiff is advised that she must explain how each specific Defendant knew of and disregarded an excessive risk to inmate health or safety by failing to take reasonable steps to abate it in order to state a viable claim against them. *Id.* at 837.

Plaintiff also asserts that "Health Services Officials cancelled [her] scheduled surgery and lifted [her] medical hold" which "prolonged [her] excessive pain and bleeding" from which she has been suffering since 2015, (Compl. Attach. at 2), that Defendant Miller refused to issue her tray on September 6, 2017, (*id*. at 3), as well as various allegations against officials at "SFF-Hazelton" in West Virginia, (*id.* at 4-6). These claims appear to warrant dismissal for failure to comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure.[2] "A buckshot complaint that would be rejected if

---

[2] "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20(a) provides that parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

3

filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). In filing an amended complaint, Plaintiff is advised that she may only include claims that comply with both Rules 18(a) and 20(a).

With respect to the claims against Defendants at SFF-Hazelton, they are dismissed for improper venue. Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Plaintiff may pursue claims against these Defendants by filing an action in the Northern District of West Virginia which is the proper venue for these claims under subsections (1) and (2). *Id.*

Plaintiff's motion for an order to show cause, (Docket No. 10), is DENIED in light of the instant court order, dismissing this matter with leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint **using the court's form complaint** to state sufficient facts to state a deliberate indifference claim as described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-03429 BLF (PR), and the words "AMENDED

4

COMPLAINT" on the first page. Plaintiff must answer all the questions on the form complaint in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 10.

**IT IS SO ORDERED.**

Dated: October 10, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.18\03429Blevins_dwlta

5