UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHONDOLYN ROCHELLE BLEVINS,

Plaintiff,

v.

CHARLESTON C. IWUAGWU, et al.,

Defendants.

Case No. 18-03429 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a federal prisoner, filed the instant *pro se* civil rights action against officials at Federal Correctional Institute in Dublin ("FCI"), where she was formerly incarcerated. After an initial screening, the Court dismissed the complaint with leave to amend for Plaintiff to attempt to correct several deficiencies. (Docket No. 12.) Plaintiff filed an amended complaint. (Docket No. 13, hereinafter "Am. Compl.")

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1 cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 535 F.3d 750, 757 (9th Cir. 2003).

The Court notes that although Plaintiff used a court form complaint for a 42 U.S.C. § 1983 action, she is a federal prisoner, (Am. Compl. at 1), and this action challenges the actions of federal employees at FCI-Dublin and not actions under color of state law. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392–97 (1971) (recognizing a private right of action for damages for constitutional violations by federal employees or their agents). Accordingly, the Court will construe this complaint as a *Bivens* action, and not as a §1983 action, consistent with the Ninth Circuit's liberal construction requirements. *See Jackson*, 353 F.3d at 757; *see also Paige v. Geo Group, Oakland Center*, No. 17-cv-06116-HSG (PR), slip op. at 2 (N.D. Cal. Feb. 27, 2018) (construing section 1983 action as a *Bivens* claim in complaint by pro se prisoner); *Lloyd v. Corrections Corp. of America*, 855 F. Supp. 221, 222 (W.D. Tenn. 1994) (same).

To state a Bivens claim, a plaintiff must allege that the defendant violated a federal constitutional right while acting under color of federal law. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)). Except for the replacement of a state actor by a federal actor, actions under 42 U.S.C. § 1983 and *Bivens* are identical. *Id.*; *see also Wilson v. Layne*, 526 U. S. 603, 609 (1999) (qualified immunity analysis same under *Bivens* and § 1983). Accordingly, when reviewing a *Bivens* action for which there is no case on point, § 1983 cases may be applied by analogy. *See, e.g.*, *Tekle v. United States*, 511 F.3d 839, 844 (9th Cir. 2007) (applying § 1983 cases to analysis of *Bivens* claim that officers used excessive force under Fourth Amendment, and of qualified immunity defense to same claim).

///

2

**B.      Plaintiff's Claims**

Plaintiff's amended complaint has the same deficiency as the original complaint in that it contains different claims against different Defendants and is therefore subject to dismissal for failure to comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). In filing an amended complaint, Plaintiff is advised that she may only include claims that comply with both Rules 18(a) and 20(a). The claims include the following:

- Plaintiff claims that on March 15, 2017, she attempted to submit mail for a federal action in Florida and began to experience difficulties in doing so. (Am. Compl. at 3.) Plaintiff claims that Defendant Asst. Warden LeMasters refused to provide assistance in this regard. (*Id.*; *id.*, Attach. at 2.)
- Plaintiff claims that she filed a prison grievance to Defendant Counselor Villigran, but that the grievance "has not been accepted into the administrative remedy process." (*Id.*) Plaintiff claims that thereafter, she began to experience trouble with receiving her mail. (*Id.*)
- Plaintiff claims that she attempted to purchase 10 stamps, and was repeatedly told by the commissary officer, Defendant Avin, that the prison only sold books of stamps in increments of 20. (*Id.*)
- Plaintiff claims Defendants LeMasters, Captain Castillo, and Lt. Putman refused to take action and intervene against the harassment she experienced from inmate Jacqueline Gentile. (*Id.*) Plaintiff claims that their inaction was in retaliation

3

for her filing prison grievances. (*Id.*)

- Plaintiff claims that on May 29, 2017, after a verbal disagreement in the laundry room, inmate Jacqueline Gentile attacked her, causing Plaintiff to suffer a contusion o the left side of her face. (*Id.*) She was apparently placed in the SHU pending investigation, and the related incident report was later expunged based on due process violations. (*Id.* at 3-4.)
- Plaintiff claims that while in the SHU, she was denied grievance forms by Defendants Shaffey and the unnamed Unit Manager, to complain that she was unable to purchase stamps in increments of 10 rather than 20. (*Id.* at 4.)
- Plaintiff claims that being subjected to eating cold cereal in the SHU amounts to cruel and unusual punishment, when inmates in general population can eat hot oatmeal or grits. (*Id.*)
- Plaintiff claims that FCI-Dublin "supervisory officials" are enforcing an unconstitutional policy and procedure in allowing inmates who commit numerous or repeated assaults to return to general population rather than being transferred after a second such incident. (*Id.* at 5.)
- Plaintiff claims that unidentified staff have "falsely alleged in my medical records that I had refused [hysterectomy] surgery," and that the refusal of Dublin medical employees to provide her with medical treatment has caused her fibroids to increase in size, making her ineligible for a "regular hysterectomy." (*Id.*) She is now required to take injections to shrink the fibroids over a six-month period. (*Id.*)
- Plaintiff claims that on or about September 6, 2018, while working overtime, Defendant Miller refused to issue her a tray when she "refused to talk to him and greet [him] in the manner he wanted to be greeted in." (*Id.*) Plaintiff claims Defendant Miller is the "staff representative who I believe violated my rights during the disciplinary process." (*Id.*)

4

- Plaintiff claims her confinement in the SHU presents a significant and atypical hardship. (*Id.*)

Rule 18(a) of the Federal Rules of Civil Procedure states: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20(a) provides that parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, due to the vagueness of many of the allegations, it is unclear which claims can be joined under Rule 18(a) against the same opposing party or parties. Furthermore, it cannot be said that all the claims presented can be joined under Rule 20(a) because they clearly do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and there is no question of law or fact common to all the defendants. Accordingly, the amended complaint is clearly in violation of Rule 18(a) and Rule 20(a). However, in the interest of justice, Plaintiff shall be afforded another opportunity to file a second amended complaint to include only the claims that comply with both Rules 18(a) and 20(a). All other claims she wishes to pursue should be filed as separate actions that also comply with Rules 18(a) and 20(a).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint to state only claims that comply with both Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. The second amended

5

complaint must include the caption and civil case number used in this order, Case No. C 18-03429 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form complaint in order for the action to proceed.

The second amended complaint supersedes the original and amended complaints, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the amended complaint are no longer claims and defendants not named in the amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: March 25, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.18\03429Blevins_dwlta2